John **BRANTLEY**, Plaintiff,

v.

**CITY OF NEW HAVEN, Michael Grant, Ron Dumas, Defendants.**

**No. CIV. 3:03CV2169JBA.**

United States District Court, D. Connecticut.

March 3, 2005.

---

Jerald S. Barber, Williams & Barber, New Haven, CT, Norman A. Pattis, Bethany, CT, for Plaintiff.

Audrey Claire Kramer, Office of Corporation Counsel City of New Haven, New Haven, CT, for Defendants.

### SUBSTITUTED RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. # 19]

ARTERTON, District Judge.

## I. FACTUAL BACKGROUND

Plaintiff John Brantley, an African–American firefighter employed by the City of New Haven, has sued the City and the Chief and Assistant Chief of the New Haven Fire Department. *See* Amended Compl. [doc. # 17] ¶ 3–6. The complaint is brought under 42 U.S.C. § 1983 and § 1988 and alleges that Brantley was fired in 2002 and, after a labor arbitration order, rehired in a lower-paid position in retaliation for public statements he made concerning racial diversity, in violation of his rights under the First Amendment. Amended Compl. at ¶¶ 9–12, 14–16. The

complaint further alleges that Brantley's equal protection rights were violated. *Id.* at ¶ 21.

Brantley alleges that before he was terminated from the Fire Department he had been Director of Community Relations and Public Fire Education since 1996. *Id.* at ¶ 13. When he was reinstated, he was told that his previous position had been eliminated and that he would have to take the position of Lieutenant. *Id.* at ¶ 16. The complaint alleges that the City's decision to eliminate Brantley's former job was "pretextual." *Id.*

The defendants have now moved for summary judgment, arguing that the plaintiff has no evidence of any violation of his rights under the Fourteenth Amendment's Equal Protection Clause or the First Amendment. Def. Mot. for Summary Judgment [doc. # 19]. In support, defendants rely on the affidavit of Assistant Fire Chief Dumas, who states as follows:

4. In the Spring of 2002, the Fire Department was advised that it would need to make significant cuts to their [sic] budget because of financial constraints due to funding cuts by both the state and federal governments.

5. As the majority of the Fire Department's budget is for personnel, budget cuts as to that area needed to be seriously considered.

6. In the fiscal year 2001–2002, the Fire Department went over their personnel budget in the amount of $1,005,430.

7. The deficit, as to personnel expenses in the Fire Department in the Fiscal Years 2001–2002, was due to excessive overtime costs due to shortages of personnel dedicated to fire suppression.

8. For the fiscal years 2002–2003, I, along with then Chief Dennis Daniels, reviewed our budget to determine where cuts should be made.

9. After careful review, I, along with Chief Dennis Daniels, made the decision to cut two administrative positions. One was the plaintiff's position, Director of Community Service and Public Fire Education and the other position was Supervisor of Records.

10. The decision to cut the plaintiff's position was based in its entirety on budgetary constraints as the position, being non-suppression, was deemed not to be an essential position.

11. On or about June 3, 2002, the Board of Aldermen approved the budget amendments eliminating the aforementioned positions.

Dumas Aff., 6/16/04, at ¶¶ 4–11.

Thus the defendants contend that Fire Department personnel were cut due to budgetary constraints, and Brantley's position was chosen specifically because the Fire Department needed to focus its budgetary resources on fire suppression functions at the sacrifice of some administrative functions.

Brantley responds that his evidence is sufficient to make out both a prima facie case and a case for pretext under the *McDonnell Douglas/Burdine* burden-shifting framework. In support, he submitted his affidavit[1] stating as follows:

---

**1.** Plaintiff did not submit a Statement of Disputed Issues of Material Fact as required. *See* D. Conn. L.R. 56(a)(2). Plaintiff's statement is erroneously captioned "Local Rule 56(a)(1) Statement," and states, confusingly, that "plaintiffs submit this statement of undisputed material facts in support of their mo-

tion for summary judgment on the plaintiff's complaint." *See* [doc. # 30]. The Local Rule requires that a nonmoving party must submit a Rule 56(a)(2) Statement that lists "each issue of material fact as to which it is con-

3. Contrary to the assertions made in Ronald Dumas' affidavit ... Fire Prevention and Education positions are essential non-suppression elements and positions within the New Haven Fire Department.

4. The responsibilities and duties of fire prevention, education and community relations continue to be performed by the Fire Department. At present, these duties are being performed by the fire marshal's office.

5. In fiscal year 2001–2002, ninety to ninety-five percent of the department calls were for EMS services, a non-suppression element/position within the New Haven Fire Department.

6. In fiscal year 2001–2002, another non-suppression position, that of Director of Information and Planning[,] had been vacant for a number of years and was not cut from the budget. This position for which I was qualified ... was not offered to me.

7. In fiscal year 2001–2002 several reasons, separate and distinct from shortages of personnel dedicated to fire suppression[,] contributed to the Fire Department [b]udget deficit.

8. As of March 25, 2003, although my former position was no longer a part of the Fire Department Budget, other positions, including Director of Information and Planning and Drillmaster were available for later assignment, as provided for by the Charter and applicable contractual provisions (Article 5.1).

Brantley Aff. at ¶¶ 3–8.[2] Brantley's affidavit provides no evidence about the timing or content of the statements he made for which the defendants allegedly retaliated against him, nor does his affidavit show any causal nexus between his speech and the defendants' decisions to eliminate his position and reinstate him to a lower-paid job.

In reply to Brantley's affidavit, the City submitted another affidavit from Defendant Dumas stating that: (1) "the position of Director of Information and Planning ... had been vacant since 1998," remained vacant as of March 25, 2003 (the date the plaintiff returned to work), and was eliminated entirely as of July 1, 2004; (2) the Drillmaster position was a civil service position for which a test was given on September 10, 2004, which Brantley did not take; (3) and the Fire Department collective bargaining agreement does not provide for lateral assignments. Dumas Aff. of 9/20/04 at ¶¶ 5–12. Brantley has not submitted evidence contradicting Dumas's affidavit, nor requested an opportunity to submit supplemental materials.

## II. STANDARD

In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden of establishing that there is no genuine issue of material fact in dispute will be satisfied if he or she can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part, and, at that point,

---

tended there is a genuine issue to be tried." D. Conn. L.R. 56(a)(2).

**2.** Brantley fails to demonstrate the basis of his knowledge of all his factual contentions, as required. *See* Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" *Parker v. Sony Pictures Entm't, Inc.,* 260 F.3d 100, 111 (2d Cir.2001), quoting *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *see also Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223–1224 (2d Cir.1994) ("the moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case."). The non-moving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his or her favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party").

## III. DISCUSSION

### A. First Amendment Claim

■ To succeed on a First Amendment theory, the plaintiff must show that he is a public employee, that his speech "touch[ed] on a matter of public concern," that he suffered adverse employment action as a result of his speech, and that his right as a citizen in commenting upon matters of public concern outweighs the interest of his employer "in promoting the efficiency of the public services it performs through its employees." *City of San Diego v. Roe,* —— U.S. ——, 125 S.Ct. 521, 524, 160 L.Ed.2d 410 (2004) (per curiam) (internal quotation marks and citations omitted).

■ Defendants admit that Brantley is a public employee who "has long been a vocal critic of the New Haven Fire Department's efforts to promote racial diversity." *See* Answer and Affirmative Defenses [doc. # 18] ¶¶ 3, 9. Thus Brantley's speech undoubtedly was on a matter of public concern. *Konits v. Valley Stream Cent. High School Dist.,* 394 F.3d 121, 125 (2d Cir. 2005).

Defendants have proffered evidence that Brantley's job was eliminated because of budget overruns. Dumas states that the Fire Department exceeded its budget in 2001–2002 due to overtime costs for fire suppression personnel, and therefore it was required to trim some non-suppression positions. Nothing in Dumas's evidence suggests that the decision to eliminate Brantley's job was related in any way to Brantley's status as a recognized "vocal critic" of the Fire Department. Likewise, nothing in Dumas's evidence suggests that the decision to rehire Brantley in a lower-paid position was related to Brantley's status as a critic of the Fire Department.

Brantley has not brought forth any evidence to rebut the material facts asserted by defendants. His affidavit lacks any factual statements showing that his public comment right outweighed the Fire Department's interest in efficient operation. Moreover, Brantley states no facts in his affidavit from which could be inferred any causal link between his criticism of the Department and the City's decisions to eliminate Brantley's job or rehire him in a lower-paid position. It is undisputed that Brantley's "former position was no longer a part of the Fire Department Budget" for fiscal year 2003. Brantley Aff. ¶ 8.

■ Although Brantley asserts that other equally-paid positions were open, he has submitted no evidence contradicting Dumas's specific statements that the position of Drillmaster was a civil service job for which Brantley did not take the required test, that the position of Director of Information and Planning was eliminated shortly after Brantley was reinstated, and that the Fire Department collective bargaining agreement does not provide for lateral transfers in any case. Dumas Aff. 9/20/04 at pp 5–12.

Brantley's remaining contentions in his affidavit are immaterial to the elements of his § 1983 claim. The issue of whether Brantley's former position was "essential," Brantley Aff. ¶ 3, does not bear on the question of a causal relationship between Brantley's criticism of the Fire Department and the Department's decision to eliminate his job or rehire him in a lower-paid position.

Thus the Court concludes that there are no material facts in dispute concerning plaintiff's First Amendment claim, and that plaintiff cannot prevail as a matter of law, since he has not shown that his public comment right outweighed the Department's interest in providing efficient public services, or that any adverse employment action was causally connected to any protected speech. Defendants, having shown an absence of evidence on the plaintiff's part, are entitled to judgment as a matter of law on plaintiff's First Amendment claim. *See Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

## B. Equal Protection Claim

■ Similarly, the plaintiff has failed to submit any evidence in support of his Equal Protection claim, which is stated in its entirety in Paragraph 21 of the Amended Complaint: "The plaintiff has also suffered a loss of equal protection of the law and has been treated in a[sic] arbitrary manner with not [sic] rational justification at law." Plaintiff appears to be alleging a "class of one" Equal Protection claim.[3]

■ A plaintiff may assert a claim as a "class of one" against defendants who "intentionally" treated him/her in a manner that was "irrational and wholly arbitrary," in violation of the Equal Protection Clause. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564–65, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). In this case, as discussed above, defendants have provided evidence through the affidavits of Ronald Dumas that plaintiff's position and one other position were eliminated due to budgetary constraints. Brantley's affidavit does not controvert that evidence, and offers no basis for inferring that he was treated in an irrational or arbitrary fashion. Plaintiff's brief even admits that the "defendant in its brief has articulated a legitimate reason for plaintiff's reinstatement to a lesser position, namely budgetary constraints." Pl. Mem. of Law in Reply to Def's Mot. for Summary Judgment [doc. # 31] at 3. The plaintiff's brief further states that "plaintiff contends that said employment action was merely a pretext of invidious governmental discrimination." *Id.* However, as discussed above, the plaintiff actually does not contend in his affidavit that his termination was pretextual, be-

**3.** Even though Brantley is African–American and thus in a position to allege an Equal Protection claim based on race, he offers no evidence in support of such a claim. To prevail on a race discrimination theory, the plaintiff must show that an "invidious discriminatory purpose was a motivating factor" in the City's decision to eliminate his job from the budget and/or reappoint him at the lower level of Lieutenant. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 266, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). Brantley does not allege that the defendants' employment actions were motivated by racial animus, much less proffer any evidence supporting this inference. He makes no claim that the two alternate jobs he wanted—Director of Information and Planning and Drillmaster—were filled by whites, or were filled at all, for that matter. *See* Brantley Aff. ¶ 8. He does not claim that any white firefighters were treated differently than he was in any way. Furthermore, Brantley does not offer evidence supporting a conclusion that the decisionmakers who eliminated his previous job displayed or were motivated by racial bias in any way. In sum, Brantley shows no causal connection between his race and the employment actions taken by the defendants. Without such evidence, any race-based Equal Protection claim must fail.

yond disputing defendants' determination that as a non-suppression position, plaintiff's job was deemed non-essential. Plaintiff in fact admits that his position was simply no longer available at the time he was reinstated. *See* Brantley Aff. ¶ 8. Unlike *Olech,* where the plaintiffs alleged that the defendants were "motivated by ill will resulting from the ... previous filing of an unrelated, successful lawsuit" against the defendants, 528 U.S. at 563, 120 S.Ct. 1073, Brantley's affidavit makes no factual assertion from which a reasonable fact-finder could conclude that the defendants acted with any malice, ill will, or improper motive.

In sum, defendants' evidence of a legitimate reason for their conduct is inadequately rebutted. The plaintiff has submitted no evidence suggesting that defendants' actions were "irrational and wholly arbitrary." *Olech,* 528 U.S. at 564, 120 S.Ct. 1073. Therefore there is no genuine disputed issue of material fact to be tried. Defendants have met their burden of showing an absence of proof on the plaintiff's part, resulting in the conclusion that the plaintiff could not prevail at trial, and thus defendants are entitled to judgment as a matter of law.

## V. CONCLUSION

Accordingly, the defendants' motion for summary judgment is **GRANTED** pursuant to Fed.R.Civ.P. 56(c). The Clerk is directed to close this case.

IT IS SO ORDERED.